IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA E. COOKE, et al.,

    Plaintiffs,

       v.

BAC HOME LOANS SERVICING,
LP, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2126-TWT

## ORDER

    This is an action for predatory lending and wrongful foreclosure. It is before the Court on the Defendants' Motion to Dismiss [Doc. 5]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss.

## I.  Background

    On March 28, 2008, Debra Cooke, entered into a loan (the "Loan") with Financial Foundation Group. The Loan was evidenced by a mortgage, security deed, and promissory note in the amount of $412,000. Further, the Loan was secured by real property located at 525 Inlet Woods Court, Alpharetta, Georgia 30005 (the "Property"). Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") serviced the loan before assigning its rights to BAC Home Loan Servicing, LP

("BAC").  (<u>See</u> Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, Ex. B.)  The original loan had a fixed rate of 8.125% over 30 years.  The Plaintiff entered into a modification agreement in January 2010.

Cooke filed suit on May 31, 2011, alleging that BAC and MERS failed to prevent her from accepting a loan she could not afford [Doc. 1].  The Complaint includes counts for declaratory relief, injunctive relief, breach of the duty of good faith and fair dealing, rescission, violations of the "Unfair and Deceptive Business Act Practices [sic]," unconscionability, predatory lending, quiet title, failure to comply with state statutes, and conversion.  In the body of the Complaint, the Plaintiffs also claim that the Defendants must "produce the note" [<u>see</u> <u>id.</u>].  This claim relates to the Plaintiffs' general contention that MERS improperly transferred the loan to BAC.

The Complaint is almost identical to four other complaints currently pending in the Northern District of Georgia.  <u>See</u> <u>Samuel v. BAC Home Loans Servicing, LP</u>, 1:11-CV-01336-JEC; <u>Kubiak v. BAC Home Loans Servicing, LP</u>, 1:11-CV-00475; <u>Laux v. BAC Home Loans Servicing, LP</u>, 1:11-CV-0547-JEC-CCH; <u>The Cheryl Stone Trust et al. v. BAC Home Loans Servicing, LP</u>, 2011-CV-195421.  Indeed, much of the Complaint is identical to a complaint filed in California state court.[1]  The

---

[1] The California complaint can be found at www.certifiedforensicloanauditors.com/9.2_complaint_809.pdf.

Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) [Doc. 5].  See Fed. R. Civ. P. 12(b)(6).  The Defendants contend that the Plaintiffs' Complaint is a "shotgun pleading" that does not allege sufficient facts to support the Plaintiffs' claims.

## II.  Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

### III.  Discussion

#### A.    Declaratory Relief

In Count I, the Plaintiffs seek a declaratory judgment that the Defendants' security interest is void.  (See Compl. ¶ 36.)  Declaratory relief is appropriate when it is necessary to "protect the plaintiff from *uncertainty* and *insecurity* with regard to the propriety of some future act or conduct."  Henderson v. Alverson, 217 Ga. 541 (1962) (italics added).  Here, the Plaintiffs do not allege any future act or conduct about which they are uncertain.  Although the Plaintiffs claim that "[a]n actual controversy has arisen and now exists between Plaintiff and Defendants regarding his [sic] respective rights and duties," the Complaint does not specify the future conduct for which the Plaintiffs seek guidance.  Further, Count I alleges "numerous violations of state and federal laws," including O.C.G.A. § 7-6A-4, and fraud.  (Compl. ¶¶ 36, 38, & 39.)   As discussed below, the Plaintiffs' state law and fraudulent misrepresentation claims cannot survive a motion to dismiss.  For these reasons, the Plaintiffs' claim for declaratory relief is dismissed.

B.    <u>Injunctive Relief</u>

In Count II, the Plaintiffs request an injunction preventing the Defendants from foreclosing on the Property. (<u>See</u> Compl. ¶¶ 41-46.)  In support of this claim, the Plaintiffs make a "produce the note" argument.  Specifically, the Plaintiffs claim that the Defendants split the note and security deed by assigning servicing rights to MERS, who then assigned that interest to BAC.  In support of their claim, the Plaintiffs cite a Massachusetts case, <u>U.S. Bank National Ass'n v. Ibanez</u>, 458 Mass. 637 (2011).  In Georgia, however, "this 'produce the note' theory has no bite."  <u>Graham v. Chase Home Finance & U.S. Bank Mortg.</u>, No. 10-CV-2652, 2010 WL 5071592, at *2 (N.D. Ga. Dec. 6, 2010).  Indeed, "nothing in Georgia law requires the lender commencing foreclosure proceedings to produce the original note."  <u>Watkins v. Beneficial, HSBC Mortg.</u>, No. 10-CV-1999, 2010 U.S. Dist. LEXIS 112857, at *15 (N.D. Ga. Sept. 2, 2010).  Further, "[t]he court is unaware of any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note."  <u>Brown v. Fannie Mae</u>, No. 10-CV-03289, 2011 U.S. Dist. LEXIS 31478, at *18 (N.D. Ga. Feb. 28, 2011); <u>see also</u> <u>LaCosta v. McCalla Raymer, LLC</u>, No. 10-CV-1171, 2011 U.S. Dist. LEXIS 5168, at *14 (N.D. Ga. Jan. 18, 2011) (noting that Georgia law does not require "that an entity or individual in possession of the security deed, must also

possess the note before bringing a foreclosure action.").  Thus, the Plaintiffs' claim

for injunctive relief should be dismissed.[2]

      C.    <u>Breach of Good Faith and Fair Dealing</u>

In Count III of the Complaint, the Plaintiffs set forth a claim for breach of the

implied covenant of good faith and fair dealing.  (<u>See</u> Compl. ¶¶ 47-55.)  "Every

contract implies a covenant of good faith and fair dealing in the contract's performance

and enforcement. The implied covenant modifies and becomes a part of the provisions

of the contract, but the covenant cannot be breached apart from the contract provisions

it modifies and therefore cannot provide an independent basis for liability." <u>Cone Fin.

Grp., Inc. v. Employers Ins. Co.</u>, No. 7:09-CV-118, 2010 U.S. Dist. LEXIS 82820, at

*4-5 (M.D. Ga. Aug. 13, 2010).  Specifically, the Plaintiffs assert that the Defendants

violated the "statutory language of the foreclosure statute," failed to disclose notices

and documents, and "[w]illfully placed Plaintiff in a loan that he did not qualify for."

(<u>Id.</u> ¶ 53.)  The Complaint does not, however, allege that the Defendants breached any

contract between the Plaintiffs and Defendants.  <u>See</u> <u>Cone</u>, 2010 U.S. Dist. LEXIS

82820, at *5 ("The law is clear that there exists no independent cause of action for

breach of good faith and fair dealing outside of a claim for breach of contract.").  For

---

     [2]Variations of the Plaintiffs' "produce the note" argument appear throughout
the Complaint.  (<u>See</u> Compl. ¶¶ 9, 78.)  To the extent the Plaintiffs assert an
independent "produce the note" claim, that claim is dismissed.

this reason, the Plaintiffs' breach of the implied duty of good faith and fair dealing claim is dismissed.

      D.    <u>UDAP</u>

      In Count IV and V of the Complaint, the Plaintiffs argue that the Defendants violated the "Unfair and Deceptive Act Practices (UDAP) [sic]." (Compl. ¶¶ 57 & 61-62.)  Specifically, the Plaintiffs contend that the Defendants "failed to disclose facts and circumstances relating to Plaintiff's mortgage loan." (<u>Id.</u> ¶ 61.)  First, the Complaint does not cite any statute that the Defendants allegedly violated.  Further, to the extent the Plaintiffs allege fraud, the Complaint does not specify what "facts and circumstances" the Defendants failed to disclose.  The Plaintiffs claim the Defendants used "various rates and charges to disguise the actual payment schedule and loaned amount," but does not specify what rates and charges the Defendants used. (Compl. ¶ 61.) <u>See</u> <u>Currie v. Cayman Res. Corp.</u>, 595 F. Supp. 1364, 1371 (N.D. Ga. 1984) (quoting <u>Elster v. Alexander</u>, 75 F.R.D. 458, 461 (N.D. Ga. 1977)) (fraud claims require pleading of "time, place, and content of the . . . misrepresentations, [and] the facts misrepresented.").  Rather, the Complaint baldly alleges that the Defendants engaged in "fraudulent, deceptive, unfair, and other wrongful conduct." (Compl. ¶ 62.)  Such legal conclusions cannot withstand a motion to dismiss.  <u>See</u> <u>Young</u>

Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008).  For

these reasons, the Plaintiffs' "UDAP" claims in Count IV and V are dismissed.

      E.     Unconscionability

In Count VI, the Plaintiffs argue that the Loan and Security Deed are

unconscionable under UCC 2-3202.  (Compl. ¶¶ 64-67.)  Article II of the UCC,

however, only applies to "transactions in goods."  Garbutt v. Southern Clays, Inc., 894

F. Supp. 456 (M.D. Ga. 1995) (UCC does not apply to sale of realty).  The Loan

transaction was not a transaction of goods.  For this reason, Count VI is dismissed.

      F.     Predatory Lending

In Count VII, the Plaintiffs allege that the Defendants engaged in "predatory

lending."  (Compl. ¶¶ 68-75.)  Again, the Plaintiffs do not cite any statute that

provides relief.  See Hill v. Saxon Mortg. Servs., Inc., No. 09-CV-1078, 2009 U.S.

Dist. LEXIS 72878, at *2-3 (N.D. Ga. May 14, 2009) (dismissing "predatory lending"

claim where "[t]he plaintiff has failed to cite a statute, whether state or federal, that

would provide her relief from such lending.").  Although not mentioned in the

Complaint, in their response, the Plaintiffs argue that the Truth in Lending Act (TILA)

supports their predatory lending claim.  (See Pls.' Resp. to Defs.' Mot. to Dismiss, at

16.)  The statute of limitations for TILA claims is one year.  See 15 U.S.C. § 1640(e).

Here, the allegedly fraudulent conduct took place on or before March 28, 2008, the

date of the closing.[3]  The Complaint was filed on May 31, 2011.  Thus, even if the

Plaintiffs had properly pled a TILA violation, the statute of limitations would bar the

claim.

Finally, the Plaintiffs do not support their predatory lending claim with factual

allegations.  Rather, the Plaintiffs assert that the Loan "[was] marketed in whole, or

in part, on the basis of fraud, exaggeration, misrepresentation, or the concealment of

material facts."  (Compl. ¶ 71.)  The Complaint does not, however, specify what

misrepresentations and omissions the Defendants made.  For these reasons, the

Plaintiffs' predatory lending claim is dismissed.

G.    Quiet Title

In Count VIII, the Plaintiffs allege that "the security deed was illegally assigned

to MERS" and that "BAC is merely a 'custodian' of the note . . . and therefore has no

standing."  (Compl. ¶ 78.)  Ultimately, the Plaintiff argues that the note and security

deed have been split, thus nullifying the transfer from MERS to BAC.  As discussed

above, however, the Court "is unaware of any Georgia statute or decision interpreting

Georgia law that precludes the holder of the security deed from proceeding with a

foreclosure sale simply because it does not also possess the promissory note."  Brown,

---

[3]In Count VII, the Plaintiffs allege that the Defendants made unspecified
misrepresentations and omissions that caused them to enter into the Loan.

2011 U.S. Dist. LEXIS 31478, at *18. Indeed, this "split the note" argument has been repeatedly rejected by Georgia courts. See LaCosta, 2011 U.S. Dist. LEXIS 5168, at *16 (holding that same entity need not hold both note and mortgage). For this reason, the Plaintiffs' quiet title claim is dismissed.

      H.    State Statutes

In Count XI and throughout the Complaint, the Plaintiffs allege violations of various Georgia statutes. First, the Plaintiffs claim that the Defendants failed to comply with O.C.G.A. § 44-14-162(b). (Compl. ¶ 85.) Section 44-14-162(b) requires that the "security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-14-162(b). Here, the Plaintiffs do not allege that a foreclosure sale has taken place. Further, as shown in Exhibit A to the Plaintiffs' response, the security instrument showing BAC as the party holding the power of sale was filed in the Superior Court of Fulton County on January 24, 2011. (See Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, Exs. A & B.) For these reasons, the Plaintiffs' claim under O.C.G.A. § 44-14-162(b) is dismissed.

Next, the Plaintiffs contend that the Defendants violated O.C.G.A. § 7-6A-4. (Compl. ¶¶ 14, 36, 57.) Section 7-6A-4 prohibits "flipping" a home loan by

refinancing the loan within 5 years without a "tangible net benefit" to the borrower. O.C.G.A. § 7-6A-4(a).  Although the Complaint mentions § 7-6A-4 three times, it offers *no* factual basis for the claim that the Plaintiffs received no tangible net benefit. Rather, the Complaint merely asserts that the Defendants violated the statute.  <u>See</u> <u>Young Apartments</u>, 529 F.3d at 1037.  Indeed, the Plaintiffs do not address O.C.G.A. § 7-6A-4 in their response brief.  For these reasons, the Plaintiffs' O.C.G.A. § 7-6A-4 claim is dismissed.

The Plaintiffs also claim that the Defendants violated O.C.G.A. § 23-2-114. (Compl. ¶ 86.)  That statute provides that "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised."  O.C.G.A. § 23-2-114.  Although the Plaintiffs assert that the Defendants did not "fairly exercise" the power of sale, the Plaintiffs allege no facts to support that conclusion.  Indeed, the Complaint does no more than track the language of the statute.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  For this reason, the Plaintiffs' O.C.G.A. § 23-2-114 claims are dismissed.

Finally, the Plaintiffs allege conversion in violation of O.C.G.A. § 16-8-4(a) and § 16-8-2.  (Compl. ¶ 103.)  Both statutes are criminal statutes and provide no

private cause of action.  Indeed, in their response, the Plaintiffs do not contest dismissal of these claims.  For these reasons, the Plaintiffs' conversion claims with respect to § 16-8-4(a) and § 16-8-2 are dismissed.

I.      Fraud

In Count X, the Plaintiffs allege fraudulent misrepresentation.  (Compl. ¶¶ 90-103.)  The Complaint repeatedly alleges omissions and misrepresentations relating to the Loan transaction.  The Plaintiffs do not, however, specify what misrepresentations the Defendants made, when they were made, or how those representations harmed the Plaintiffs.    Rather, the Plaintiffs merely recite the elements of a fraudulent misrepresentation claim.  See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  To the extent that the Plaintiffs allege that the Defendants misrepresented their authority to transfer the note from MERS to BAC (see Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, at 32), the Plaintiffs do not allege that they relied on this misrepresentation.[4]  Indeed, the Plaintiffs do not state when or where the Defendants made those representations.  See Currie v. Cayman Res. Corp., 595 F. Supp. 1364,

---

[4]Indeed, it is unclear whether the Defendants made allegedly fraudulent misrepresentations to Cooke or to BAC.

1371 (N.D. Ga. 1984) (quoting Elster v. Alexander, 75 F.R.D. 458, 461 (N.D. Ga. 1977)) (fraud claims require pleading of "time, place, and content of the . . . misrepresentations, [and] the facts misrepresented."). Nor does the Complaint specify which Defendant made the allegedly fraudulent misrepresentations. See id. at 1372 (quoting Helfant v. Louisiana & Southern Life Ins. Co., 459 F. Supp. 720, 726 (E.D.N.Y. 1978)) ("The complaint may not rely on blanket references to acts of all named defendants, since each is entitled to be apprised of the specific circumstances surrounding the conduct for which he is charged with fraud."). For these reasons, the Plaintiffs' fraud claim is dismissed.

> J.     Rescission

In Count IV of the Complaint, the Plaintiffs argue that the Loan should be rescinded based on the Defendants' "Fraudulent Concealment; Deceptive Acts and Practices (UDAP) [sic] and violating the Net Tangible Benefit statute in Georgia OCGA 7-6A-4." (Compl. ¶ 57.) Further the Plaintiffs allege that the Loan is an "illusory promise." (Id.) As discussed above, the Plaintiffs' fraudulent concealment and misrepresentation, "Deceptive Acts and Practices," and O.C.G.A. § 7-6A-4 claims are dismissed. As to the claim that the Loan is an "illusory promise," the Complaint does not present any facts supporting such a claim. Again, the Plaintiffs merely repeat that "[t]his loan needs to be rescinded because it is an 'illusory promise' which is one

that the courts will not enforce." (Compl. ¶ 57.) Such a bare legal conclusion cannot survive a motion to dismiss. For this reason, the Plaintiffs' rescission claim is dismissed.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion to Dismiss [Doc. 5].

SO ORDERED, this 18 day of October, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge