IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA E. COOKE, et al.,

   Plaintiffs,

     v.

BAC HOME LOANS SERVICING,
LP, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2126-TWT

ORDER

This is an action for predatory lending and wrongful foreclosure. It is before the Court on Defendant McCurdy & Candler, LLC's Motion to Dismiss [Doc. 18]. For the reasons set forth below, the Court GRANTS the Defendant's motion.

I. Background

On March 28, 2008, Debra Cooke entered into a loan (the "Loan") with Financial Foundation Group. The Loan was evidenced by a mortgage, security deed, and promissory note in the amount of $412,000. Further, the Loan was secured by real property located at 525 Inlet Woods Court, Alpharetta, Georgia 30005 (the "Property"). Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") serviced the loan before assigning its rights to BAC Home Loan Servicing, LP

("BAC"). (See Pls.' Resp. in Opp'n to Defs.' Mot. to Dismiss, Ex. B.) The Plaintiff entered into a loan modification agreement in January 2010.

Cooke and Bella Homes, LLC filed suit on May 31, 2011, alleging that BAC and MERS failed to prevent her from accepting a loan she could not afford [Doc. 1]. The Plaintiffs also name McCurdy & Candler LLC, BAC's foreclosure attorney, as a Defendant. McCurdy & Candler, however, is not mentioned in the body of the Complaint.

The Complaint includes counts for declaratory relief, injunctive relief, breach of the duty of good faith and fair dealing, rescission, violations of the "Unfair and Deceptive Business Act Practices [sic]," unconscionability, predatory lending, quiet title, failure to comply with state statutes, and conversion. In the body of the Complaint, the Plaintiffs also claim that the Defendants must "produce the note" [see id.]. The Complaint is almost identical to four other complaints currently pending in the Northern District of Georgia. See Samuel v. BAC Home Loans Servicing, LP, 1:11-CV-01336-JEC; Kubiak v. BAC Home Loans Servicing, LP, 1:11-CV-00475; Laux v. BAC Home Loans Servicing, LP, 1:11-CV-0547-JEC-CCH; The Cheryl

Stone Trust v. BAC Home Loans Servicing, LP, 1:11-CV-0494-RWS. Indeed, much of the Complaint is identical to a complaint filed in California state court.[1]

On July 7, 2010, BAC and MERS filed a motion to dismiss for failure to state a claim [see Doc. 5]. On October 18, 2010, the Court dismissed all claims against BAC and MERS [Doc. 17]. The Court reasoned that none of the Plaintiffs' claims stated a plausible claim for relief [see id.]. On December 9, 2011, McCurdy & Candler filed this Motion to Dismiss and Notice of Joinder in Defendants' Motion to Dismiss [Doc. 18]. McCurdy & Candler argues that the Complaint fails to state a claim for the reasons set forth in BAC and MERS's Motion to Dismiss. Also, the Defendant argues that it has not been properly served. The Plaintiffs did not respond to McCurdy & Candler's motion.

## II. Motion to Dismiss Standards

### A. Failure to State a Claim

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a

---

[1] The California complaint can be found at www.certifiedforensicloanauditors.com/9.2_complaint_809.pdf.

plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

      B.    Failure to Effect Service of Process

Once a suit is filed in federal court, the defendants in the case must be served with process in accordance with Fed. R. Civ. P. 4. If service of process is not made upon a defendant within 120 days after the filing of a complaint, the court may dismiss the complaint without prejudice or direct that service be effected within a specified time. FED. R. CIV. P. 4 (m). If the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. Id.

### III. Discussion

McCurdy & Candler argues that the Complaint fails to state a plausible claim for relief. As discussed in the Court's October 18, 2011 Order, the Complaint "baldly alleges that the Defendants engaged in 'fraudulent, deceptive, unfair, and other wrongful conduct.'" (Order, at 7.) Also, for the reasons given in the Court's Order, the Plaintiffs' claims for declaratory and injunctive relief, breach of the duty of good faith and fair dealing, unconscionability, predatory lending, quiet title, fraud, rescission, conversion, violations of the "UDAP," and various state statutes fail to state a plausible claim for relief [see Doc. 17].[2]

Further, McCurdy & Candler argues that the Plaintiffs did not properly serve it. Federal Rule of Civil Procedure 4(h) provides that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is

---

[2]The Complaint does not specify which claims are brought against McCurdy & Candler. Indeed, the Complaint does not mention it at all. For the purposes of this Order, however, the Court will assume that the Plaintiffs assert all the claims against all the Defendants.

one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

FED. R. CIV. P. 4(h). Here, the Plaintiffs did not serve any agent or employee of McCurdy & Candler. (Andrle Aff. ¶¶ 10-11.) See In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003) ("[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void."). The Plaintiffs have offered no explanation for their failure to serve McCurdy & Candler. For these reasons, the Defendant's Motion to Dismiss is granted.

IV. Conclusion

For the reasons set forth above, the Court GRANTS McCurdy & Candler's Motion to Dismiss [Doc. 18].

SO ORDERED, this 20 day of January, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge